Good morning, Your Honors. May it please the Court, Counsel. Before I begin, I would just like to apologize to this Court for failing to identify and cite Stoffel in my briefs. It was not an attempt to mislead this Court. It was a mistake, which I'm sure we've all made. Unfortunately, it changed the whole tenor of the argument. If Your Honors have determined that Stoffel is dispositive of my argument, I won't waste everyone's time and I'll sit down. Otherwise, I would argue that there's an exception to Stoffel. You could have asked to remove the case from oral. Well, Your Honor, I guess I could have, but I believe that McNatt actually provides an exception to Stoffel. And why so? To the extent that Stoffel removes the judge's error for failing to recharacterize a collateral petition, I believe that McNatt gives this Court the power to nonetheless do so, particularly in a case like this. I'll say in 17 years of practicing law, I've not quite run across a case that has this kind of procedural history. Well, you know that we have an obligation to follow the Supreme Court. Yes, Your Honor, you do. So even if we disagreed, we'd have to follow. Yes, but I believe that you yourselves can recharacterize the petition that was not recharacterized. We can't do that at the trial court. We can't find error. As a matter of law, we cannot find error. Let me ask you a question. The McNatt case, wasn't the motion labeled in that case unlike in this case? It was a motion to vacate an illegal sentence and void plea agreement. And, you know, this is kind of where it's – I mean, obviously the judge in Stoffel recharacterized the petition. Right. But I really think that justice would be served by this Court's recharacterizing this petition on appeal. Let's say, for example, that we had the authority to do that and we did do that. Where are you going? Because, you know, the mere fact that evidence in another case, which is used in sentencing and suppressed in another case, does not render that evidence unreliable or inadmissible for purposes of sentencing. That's the law. So where are you going? Well – Even if we did recharacterize the petition. For a sentencing hearing, the record here indicates that the judge said felonies were committed and that these were two simultaneous felonies. And, you know – You're familiar with the case law that I just referred to, right? People v. Valerie, the Illinois Supreme Court case, People v. Rose, the Second District case, the fact that evidence was suppressed in another case, unrelated case, does not render that evidence unreliable or inadmissible in a subsequent sentencing hearing. And that's the character of the defendant's petition. That's his claim, isn't it? It is. But I also believe the trial court should be given an opportunity to reconsider in light of the fact that the convictions were vacated. Whatever may have happened, and Your Honor was the author of the other ship opinion, you know full well that what unfolded there – I also know full well that that evidence – Exists. Is admissible in a sentencing hearing. So where are you going? That's the point. It's a – there's no prejudice. The defendant could never establish prejudice, could he, based upon the case law? I believe that he could certainly convince the circuit court to reconsider its sentence. Because the police violated his Fourth Amendment rights in an unrelated case. Is that to punish the police? No, Your Honor. It's because the judge thought a crime had been committed here. Well, he felt crime was committed in the other case. It was just that the evidence was suppressed. And the conviction was vacated. You know, Your Honor – You're talking in – it's a circular argument. It is a circular argument, I guess. And we appreciate your acknowledgment of soft assault. And, you know, that being the case, I don't believe there's any really need to argue this further. And with respect to not cancelling the oral argument, Your Honors, I did not intend to – You're always welcome. And I think it was an interesting issue anyway. We had to be here anyway. And I have a feeling, Your Honors, we'll probably be back on the other case very soon. So I look forward to seeing you again. Thank you. Nice job. Mr. Lundin. Good morning, Your Honors. May it please the Court, Counsel, Richard Lundin, behalf of the people of the State of Illinois. There's not much I need to say beyond what I said in my brief. I'd just point out a few short – You didn't really get a chance in your brief to respond to the argument that was raised for us to recharacterize that. Correct. And that was one of the few points that I'll – I first do note that the defendant correctly points out that we did not respond to the merits. We didn't respond to the merits as pursuant to Stoffel. It says we don't need to. Let me ask you this, Mr. Lundin. I mean, really, for defense, there's really no harm no foul because they could still repetition under the Act. Exactly. And not only can they repetition, they could have repetitioned while this was pending. Your Honor, Justice Briquette reached a ruling in the other SHIP case, the 09-CF38, in 2015. There was no reason that – I'm not sure why this case was held in abeyance. Obviously, they decided to let it go through the system below, but they could have filed a PC back then. While the conviction wasn't vacated, Your Honor had reached the ruling suppressing that. Yeah, but the conviction wasn't vacated yet, and so the trial judge relying on that conviction for sentencing was still extant at that time. Again, most likely, but to the extent that there's a concern that there would be an egregious delay below, it could have gotten started. Right. You know, so – and there's nothing to prevent them from doing that now. Well, his argument in the yellow brief is that – McNett. – the initial economy – Yes. – you know, was coming back in. I would respond to McNett, one, as Justice Briquette noted, what's the damage? I mean, they could have introduced this anyway. But also, McNett, I think, is very specific circumstances. McNett is if there is a void conviction or a void sentence. So it does apply to this case. And if this court were to basically say, well, we're going to ignore the law in the interest of judicial economy whenever we feel like it, and we're going to take a look at – we can recharacterize on appeal. What are we telling the trial judges? McNett really – was really a 1401 petition. Yeah, I believe so. I mean, the opinion from this court said – mentioned 1401 and PC. Correct. Basically, it was a 1401 petition. Right, but again – 122.1 doesn't really apply. Well, and correct, but it also said when a conviction is void, we can do the same thing. Well, it's not void here. Right. It would have to be remanded. Most likely, defendant doesn't have relief anyway. I suppose there's an outside chance a judge might say, well, you know what? Yeah, I took that into account. I'll take a year off. Don't know. Don't particularly care. And I'm not being cavalier. But at this point. Yes, at this point, defendant is not precluded from filing a PC. Certainly, the vacation of the conviction would – again, I won't specifically say. What's more damaging, to present evidence or just the planned conviction? I'm sorry? What's more damaging from a sentencing perspective, do you think? Just presenting the fact of conviction or presenting the evidence from the arrest? I guess would depend on the particular case. In that case, you had both. But, yeah, if you're able to lay out the details of what happened as opposed to just he was convicted, yeah, that might be indeed more damaging. But, as again, that's all speculative. Defendant can file. If he chooses, you know, can obviously file a PC now. I do note that the other case, the 09-CF38, is pending. Counsel, I think just a couple days ago, filed his appellee's brief. We all do respect. We have some hope that the state appeal might have some merit to – well, obviously, we wouldn't have filed it if we didn't believe it had merit. But regardless, this court is bound by the Illinois Supreme Court. Defendant has a remedy. The interest of justice is that it could have been served by him filing quite a while ago. Or even if he decided to wait until the conviction was vacated, he could have filed a PC at that point. Thank you. Thank you, Mr. Long. Thank you, Your Honor. Mr. Bernstein. I just want to briefly address why we didn't tell Mr. Schiff to file another PC. And that is because in this situation, and part of the reason we briefed the cases we did – It wouldn't be another PC because he hadn't filed a PC. Thank you, Your Honor. The – it's not reasonable to think that it's going to take three and a half years to resolve something. And it wasn't reasonable, I don't believe, to think that it would take another year after the case even came to the appellate defender after all of the, you know, the delays that accompany cases coming through our office. So that's why we did it the way we did. And that's really all I wanted to say. So thank you, Your Honor. Thank you, Mr. Bernstein. Thank you. Thanks. Thanks, both parties, for your arguments today. The cases we've taken under consideration in a written decision will be issued in due course. The Court stands in recess. Thank you.